IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

UNITED STATES

V.                          CRIMINAL ACTION NO. 5:22-cr-006-DCB-FKB-003

FIESTA KAGLER                                              DEFENDANT

ORDER

BEFORE THE COURT is Fiesta Kagler ("Defendant")'s Pro Se Motion to Delay Self Surrender Date. [ECF No. 101]. The Court, having examined the Motion, the record, the applicable legal authority, and being fully informed in the premises, finds that the Motion is not well taken and should be denied.

On December 27, 2023, this Court sentenced Defendant to 46 months imprisonment with the Bureau of Prisons ("BOP"). [ECF No. 99]. Defendant was further permitted to voluntarily self-surrender for service of the sentence at the institution designated by BOP on February 5, 2024. [Id.].

On January 23, 2024, Defendant filed the instant Motion requesting a 60-day extension to her self-surrender date. [ECF No. 101] at 4. Defendant asserts in the Motion that she faces "unique challenges" in complying with the currently imposed self-surrender date. [Id.] at 1. Specifically, Defendant points to two circumstances that warrant granting the Motion: (1) the need to

1

find sufficient care and living arrangements for her adult children; and (2) further time to seek adequate medical care. See generally [Id.]

"Self-surrender is a privilege that is afforded to low-risk defendants in order to save the government the expense of transportation and to make the transition to confinement as humane as possible." United States v. Bolton, 2017 WL 1652588, at *5 (S.D. Miss. 2017) (citing United States v. Savage, 888 F.2d 528, 529 (7th Cir. 1989)). See also United States v. Polouizzi, 760 F.Supp.2d 284, 288 (E.D.N.Y. 2011) (stating that self-surrender "saves the government the expense of transportation and avoids the harshness involved in requiring a long and difficult journey from court to prison while shackled, handcuffed and chained.")

Upon review of the Motion, the Court is not persuaded that the circumstances cited by Defendant warrant a delay to the self-surrender date. First, although the Court notes that imprisonment is always associated with personal familial inconvenience, the facts in this matter do not represent circumstances requiring the relief sought. See, e.g., United States v. Posada, 109 F. Supp. 3d 911, 915 (W.D. Tex. 2015) ("It is a natural, if unfortunate, byproduct of the criminal justice system that one's personal affairs will be disrupted and that others beyond the defendant, most likely family, will feel the effects of his incarceration.");

United States v. Sabhnani, 529 F. Supp. 2d 377, 383 (E.D. N.Y. 2007) (denying relief as to one defendant who had young children to care for because "[i]ncarceration always is associated with severe familial inconvenience."); United States v. Lippold, 175 F. Supp. 2d 537, 540 (S.D. Ny. 2001) (holding that taking care of three young children, one of whom suffered from a serious medical condition, and being needed at work were purely personal circumstances). Second, although Defendant cites her desire to seek adequate medical care for post-operative care and treatment, Defendant has failed to show that her medical condition is so serious as to go beyond the capabilities of the BOP to accommodate. See, e.g., United States v. Guajardo, 950 F.2d 203, 208 (5th Cir. 1991) (finding nothing extraordinary requiring relief from incarceration in a 55-year-old male defendant suffering from cancer in remission, high blood pressure, a fused right ankle, an amputated left leg, and drug dependency).

Because it finds the reasons offered by Defendant unpersuasive, the Court does not find that Defendant has shown she is entitled to the requested relief. Thus, the Court will deny the Motion. [ECF No. 101].

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion to Delay Self-Surrender Date [ECF No. 101] is denied.

3

SO ORDERED, this 25th day of January, 2024.

/s/ David Bramlette
DAVID C. BRAMLETTE III
UNITED STATES DISTRICT JUDGE