IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

UNITED STATES OF AMERICA

v.   CRIMINAL NO. 5:22-cr-6-DCB-ASH

ELLA MARTIN, ET AL.

ORDER OF RESTITUTION

Defendants Ella Martin, Barry Martin, and Fiesta Kagler each pled guilty to one count of conspiracy to commit wire fraud, theft of government money or property, and aggravated identity theft in violation of 18 U.S.C. § 371.[1] On December 19, 2023, this Court sentenced all three defendants and deferred any finding with respect to restitution pursuant to 18 U.S.C. § 3664(d)(5) and applicable precedent. On May 28, 2024, a status conference was held in chambers and attended by counsel for all parties. This Court heard from the parties regarding the matter of restitution owed by each of the defendants. An agreement was reached by the parties regarding the amount of restitution owed as to each defendant individually and as to the amount of restitution owed jointly and severally pursuant to 18 U.S.C. § 3664(h). Accordingly, the Court hereby makes the following findings and conclusions:

The provisions of the Mandatory Victim Restitution Act of 1996 apply to this Title 18 offense. The United States Department of Agriculture (USDA) is the primary pecuniary victim in this case. In addition, subsequent purchasers of the properties suffered losses, as they purchased the homes based on fraudulent warranty deeds. The Presentence Investigation Report for each defendant outlines the offense conduct in great detail.

---

[1] Barry Martin pled guilty on November 9, 2022; Fiesta Kagler pled guilty on December 13, 2022; and Ella Martin pled guilty on May 18, 2023.

I. USDA

The USDA is the primary pecuniary victim of these offenses. The USDA Rural Development Office (USDA RD), a subagency of the USDA, itself an agency of the United States Government, has branches in multiple places within the State of Mississippi. The USDA RD office where Ella Martin worked was located in Brookhaven, Mississippi. This location is in Lincoln County, located in the Western Division of the Southern District of Mississippi. USDA RD's purpose was to improve the economy and quality of life in rural America. One of the ways that USDA RD accomplishes its mission is to help rural residents buy or rent safe, affordable housing. The fraudulent scheme in this case included the use of fraudulent warranty deeds purporting to transfer ownership rights of various USDA-mortgaged properties.

The restitution owed to the USDA for each of the properties is as follows:

| Property | Amount | Method of Valuation |
|---|---|---|
| 903 Avenue H, McComb, MS | $50,439.00 | 2015 tax assessment value[2] |
| 1 Hollis Jones Road, Tylertown, MS | $36,972.53 | debt settlement |
| 230 West Main Street, Magnolia, MS | $39,418.00 | 2015 tax assessment value |
| 369 Young Road, Prentiss, MS | $43,947.41 | debt settlement |
| 1619 Magnolia Drive, Prentiss, MS | $91,498.53 | debt settlement |
| 1107 E. Rose Hill Road, Silver Creek, MS | $46,400.00 | 2015 tax assessment value |
| 1802 Virginia Avenue, McComb, MS | $32,081.18 | 2015 tax assessment value |
| 1300 Magnolia Drive, Monticello, MS | $35,940.00 | 2015 tax assessment value |
| 1625 Barnes Circle, Monticello, MS | $88,652.00 | 2015 tax assessment value |
| **TOTAL** | **$465,348.65** | |

---

[2] The 2015 tax assessment value was the method of valuation used to calculate the intended loss amount for sentencing. The homes that were not recovered by USDA are considered to be a total loss; as such, the 2015 tax assessed value is the most accurate method of valuation for these properties.

II.  Sheryl S. Ash & Michael O. Ash

On June 26, 2023, Mr. and Mrs. Ash submitted a declaration of loss form claiming losses of $62,976.33 related to the Boyanton, North, and Northern properties associated with purchase price, repairs, renovations, utilities, insurance, taxes, management fees, and appraisal. Their losses were offset by the rental income they received. They indicated the Boyanton property was destroyed by fire, and they were compensated by Foremost Insurance Company in the amount of $37,641.60.

III.  Mississippi Home Corporation (MHC)

MHC paid $7,000 in down payment assistance towards the 903 Avenue H property. The loan was a ten-year forgivable down payment assistance loan.

IV.  United States Small Business Administration (SBA)

The Paycheck Protection Program (PPP) offered SBA-backed loans to help businesses keep their workforce employed during the COVID-19 crisis. During the investigation, it was determined The Executive Transporter, Kagler Solutions International, and Kagler Solutions Incorporated received fraudulent loans through the PPP. As part of the plea agreements entered, Barry Martin and Fiesta Kagler agreed to pay restitution as result of PPP loan fraud, which occurred approximately 18 months after the conclusion of the instant offense.

Pursuant to their respective plea agreements, Barry Martin is ordered to pay $97,024.00 in restitution to the Small Business Administration for the Executive Transporter loan, and Fiesta Kagler is ordered to pay $212,224.00 to the Small Business Administration for the two loans held by her, Kagler Solutions Incorporated and Kagler Solutions International.

V.   Non-Compensable Claims for Restitution

The following individuals submitted non-compensable claims for restitution:

Toenita Arrington, who had the residence at 93 Gutter Road in Jayess, Mississippi, submitted a declaration of loss form claiming losses in the amount of $30,000, which included $15,241.26 as the purported value of the home in 2012; $11,375 for pain, suffering, medical, and financial distress; and $3,388.74 for miscellaneous damages. The Court finds, however, that she is not entitled to restitution because she had defaulted on her payments prior to the fraud.

Larry and Mary Bell Brister submitted a claim for $35,000; however, the Court finds that they are not entitled to restitution because they defaulted on their payments prior to the fraud.

Emma Jean Martin, the former owner of 903 Avenue H in McComb, Mississippi, submitted a declaration of loss form claiming losses of $20,000. Based on her interview, it appears Emma Martin voluntarily abandoned the home. Since she defaulted on her payments prior to the fraud, the Court finds that she is not entitled to criminal restitution.

Lynn Martin submitted a claim for $288,000; however, the Court finds that she is not entitled to restitution because she defaulted on her payments prior to the fraud.

## Conclusion

Based on the foregoing, it is therefore ORDERED AND ADJUDGED that:

**Ella Martin** is ordered to make restitution as follows:

| | |
|---|---|
| The United States Department of Agriculture | $465,348.65 |
| Sheryl S. Ash & Michael O. Ash | $62,976.33 |
| Mississippi Home Corporation | $6,968.00 |
| **TOTAL** | **$535,292.98*** |

*$334,310.45 to be joint and several with Barry Martin
*$185,404.92 to be joint and several with Fiesta Kagler

**Barry Martin** is ordered to make restitution as follows:

| | |
|---|---|
| The United States Department of Agriculture | $264,366.12 |
| Sheryl S. Ash & Michael O. Ash | $62,976.33 |
| Mississippi Home Corporation | $6,968.00 |
| U.S. Small Business Administration | $97,024.00 |
| **TOTAL** | **$431,334.45*** |

*$334,310.45 to be joint and several with Ella Martin
*$185,404.92 to be joint and several with Fiesta Kagler

**Fiesta Kagler** is ordered to make restitution as follows:

| | |
|---|---|
| The United States Department of Agriculture | $122,428.59 |
| Sheryl S. Ash & Michael O. Ash | $62,976.33 |
| U.S. Small Business Administration | $212,224.00 |
| **TOTAL** | **$397,628.92*** |

*$185,404.92 to be joint and several with Ella Martin and Barry Martin

Pursuant to 18 U.S.C. § 3664(i) all non-federal victims shall be prioritized to receive full restitution prior to the United States receiving restitution. All defendants have agreed to pay restitution at the rate of not less than $100.00 per month beginning 60 days after release from incarceration; provided, however, that this order of restitution is due immediately pursuant to 18 U.S.C. § 3572(d) and during the period of incarceration. Defendants are encouraged to participate in the Bureau of Prison's Inmate Financial Responsibility Program during incarceration. Nothing herein is meant to restrict the authority of the Attorney General to collect under applicable law the restitution imposed. The Defendants will be required to participate in the Treasury Offset Program and to cooperate with the United States Attorney's Office, Financial Litigation Program, for any unpaid amounts upon release from incarceration.

An amended Judgment shall be entered in this case consistent with this Order.

SO ORDERED this 21st day of June 2024.

_____
UNITED STATES DISTRICT JUDGE